UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                    CASE NO.:   10-31406-AJC

ARTECITY MANAGEMENT LLC,                                  Chapter 11

      Debtor.
_____/

**MIAMI-DADE COUNTY TAX COLLECTOR'S
LIMITED OBJECTION TO ORDER
(I) AUTHORIZING DEBTORS TO OBTAIN POSTPETITION SECURED
FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, 362 AND 364, AND
(II) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED
LENDER PURSUANT TO 11 U.S.C. §§ 361, 362, 363 AND 364 (D.E. 110)**

**MIAMI-DADE COUNTY TAX COLLECTOR** ("Tax Collector"), through undersigned counsel, files this limited objection to the above-referenced Order ("Financing Order") and states:

1. Tax Collector has filed Claim 1 seeking payment of prepetition ad valorem property taxes for the 2010 tax year.[1]

2. The payment of said taxes is secured by first priority liens effective January 1, 2010. Section 197.122, Florida Statutes.

3. The Financing Order incorrectly characterizes the liens of lenders as first priority liens, and, further, omits reference to the tax liens and their first priority position.

---

[1] At the time of the filing of the claim, the 2010 taxes were estimated at $422,960.22. The final amount will be determined upon passage of the millage rates by the affected taxing authorities and will be available by November 1, 2010.

1

4. It is Tax Collector's understanding that it is not Debtors' intent to subordinate or prime ad valorem tax liens, and the Financing Order appropriately references payment of real estate taxes as an ordinary and necessary expense of closing. However, the Financing Order does not give interested parties sufficient notice of the existence of these liens – which exist until satisfied by the payment of taxes – or of their first priority position.

5. Tax Collector is filing this as a limited objection, as it is not an objection to the financing itself, assuming the Debtors' adequate protection of the first priority position of the ad valorem tax liens is recognized. Tax Collector requests, though, that the Financing Order be amended to reference the ad valorem tax liens and their first priority position.

**WHEREFORE**, MIAMI-DADE COUNTY TAX COLLECTOR asks that the Financing Order be amended to reflect the relief requested above.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(B)(3).*

Respectfully submitted,

R. A. CUEVAS, JR.
Miami-Dade County Attorney
Stephen P. Clark Center
111 N.W. 1st Street, Suite 2810
Miami, FL 33128

By: /s/    Melinda S. Thornton
Melinda S. Thornton
Assistant County Attorney
Florida Bar No. 261262
Telephone: (305) 375-5151
Facsimile: (305) 375-5611

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered via electronic mail on all parties registered to accept service by CM/ECF; by U.S. Mail and E-mail on **THOMAS R. LEHMAN, ESQ.**, Levine Kellogg Lehman Schneider & Grossman LLP, Miami Center, 34th Floor, 201 South Biscayne Boulevard, Miami FL 33131-4301(trl@LKLlaw.com); **PATRICIA REDMOND, ESQ.** (predmond@stearnsweaver.com), **DREW DILLWORTH, ESQ.**, (ddillworth@stearnsweaver.com), and **ILEANA CRUZ-BONGINI, ESQ.** (icruz@stearnsweaver.com), Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., 150 W. Flagler St, Suite 2200, Miami, FL 33130-1545, and **U.S. TRUSTEE'S OFFICE**, 1204 Claude D. Pepper Federal Building, 51 S.W. First Avenue, Miami, FL 33130, on this 14th day of September, 2010.

By: /s/ Melinda S. Thornton
Melinda S. Thornton