

**ORDERED in the Southern District of Florida on January 12, 2011.**

_____
A. Jay Cristol, Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | CHAPTER 11 |
| ARTECITY MANAGEMENT, LLC, et al.,[1] | CASE NO. 10-31406-BKC-AJC<br>Jointly Administered |
| Debtors._____/ | |

**AGREED ORDER ON MOTION OF CERTAIN CREDITORS ON
CONTRACT DEPOSITS AND DIRECTING FIDELITY NATIONAL TITLE
INSURANCE COMPANY, ESCROW AGENT, TO DISTRIBUTE DEPOSIT FUNDS**

THIS MATTER came before the Court at a duly noticed hearing on January 6, 2011 at

10:30 a.m. (the "Hearing") upon the *Motion to Deem Purchase Agreements Rejected and to*

---

[1] The last four digits of the taxpayer identification numbers for each of the Debtors follow in parentheses: (i) Artecity Management LLC (2357); (ii) Artecity Holding LTD (9763); (iii) Artecity Governor L.L.C (3220); (iv) Artecity Park LLC (6068); (v) Artecity Plaza LLC (3734); (vi) Artepark South Development LLC (5232); and (vii) Park Villas Development LLC (5344).

1

*Compel Return of Deposit Funds* [D.E. 238] (the "Motion to Compel"), filed by deposit creditors Harvey Yamplosky and Randall Wellons (collectively, "Yamplosky"), B. Louis and Sharon St. Clair (collectively, "St. Clair"), Peter and Helen Angelo (collectively, "Angelo"), Dmitry and Maritana Polyak (collectively, "Polyak"), Michael and Laura Franklin and Ella Leitner (collectively, "Franklin"), Carnegie Hill Properties, Inc./Susan Renfrew (collectively, "Carnegie Hill"), Robert Shawah ("Shawah"), Elizabeth Bass ("Bass"), Anna Mikhalsky and Gale Shoikhet (collectively, "Mikhalsky"), Victor Anastasia and James Meiz (collectively, "Meiz") (collectively, Yamplosky, St. Clair, Angelo, Polyak, Franklin, Carnegie Hill, Shawah, Bass, Mikhalsky and Meiz are the "Movants" or "Settling Purchasers"). Pursuant to the Motion to Compel: (A) Yamplosky requested the entry of an order (i) deeming the pre-petition agreement for the purchase and sale of condominium unit 407 of the South Tower (the "South Tower Unit 407 Sale Agreement") between Yamplosky and Debtor Artepark South Development LLC ("Artepark") rejected, and (ii) directing Fidelity National Title Insurance Company (the "Escrow Agent") to turn over the $91,500 deposit made by Yamplosky under the South Tower Unit 407 Sale Agreement that is currently held by Escrow Agent (the "Unit 407 Deposit"), plus accrued interest on the Unit 407 Deposit; (B) Angelo requested the entry of an order (i) deeming the pre-petition agreement for the purchase and sale of condominium unit 510 of the South Tower (the "South Tower Unit 510 Sale Agreement") between Angelo and Artepark rejected, and (ii) directing the Escrow Agent to turn over the $74,500 that is currently held by Escrow Agent (the "Unit 510 Deposit"), plus accrued interest on the Unit 510 Deposit; (C) Shawah requested the entry of an order (i) deeming the pre-petition agreement for the purchase and sale of condominium unit 502 of the South Tower (the "South Tower Unit 502 Sale Agreement") between Shawah and Artepark rejected, and (ii) directing the Escrow Agent to turn over the $78,500 that is currently held by Escrow Agent (the "Unit 502 Deposit"), plus accrued interest

2

on the Unit 502 Deposit; (D) Bass requested the entry of an order (i) deeming the pre-petition agreement for the purchase and sale of condominium unit 304 of the South Tower (the "South Tower Unit 304 Sale Agreement") between Bass and Artepark rejected, and (ii) directing the Escrow Agent to turn over the $56,500 that is currently held by Escrow Agent (the "Unit 304 Deposit"), plus accrued interest on the Unit 304 Deposit; (E) Meiz requested the entry of an order (i) deeming the pre-petition agreement for the purchase and sale of condominium unit 406 of the South Tower (the "South Tower Unit 406 Sale Agreement") between Meiz and Artepark rejected, and (ii) directing the Escrow Agent to turn over the $67,500 that is currently held by Escrow Agent (the "Unit S406 Deposit"), plus accrued interest on the Unit S406 Deposit; (F) St. Clair requested the entry of an order (i) deeming the pre-petition agreement for the purchase and sale of condominium unit 406 of the North Tower (the "North Tower Unit 406 Sale Agreement") between St. Clair and Debtor Artecity Park LLC ("Artecity Park") rejected, and (ii) directing the Escrow Agent to turn over the $40,500 that is currently held by the Escrow Agent (the "Unit N406 Deposit"), plus accrued interest on the Unit N406 Deposit; (G) Polyak requested the entry of an order (i) deeming the pre-petition agreement for the purchase and sale of condominium unit 302 of the North Tower (the "North Tower Unit 302 Sale Agreement") between Polyak and Artecity Park rejected, and (ii) directing the Escrow Agent to turn over the $42,500 that is currently held by the Escrow Agent (the "Unit 302 Deposit"), plus accrued interest on the Unit 302 Deposit; (H) Franklin requested the entry of an order (i) deeming the pre-petition agreement for the purchase and sale of condominium unit 403 of the North Tower (the "North Tower Unit 403 Sale Agreement") between Franklin and Artecity Park rejected, and (ii) directing the Escrow Agent to turn over the $40,000 that is currently held by the Escrow Agent (the "Unit 403 Deposit"), plus accrued interest on the Unit 403 Deposit; (I) Carnegie Hill requested the entry of an order (i) deeming the pre-petition agreement for the purchase and sale of condominium unit

TH-2-W of the Park Villas Building (the "Park Villas Sale Agreement") between Carnegie Hill and Debtor Park Villas Development LLC ("Park Villas") rejected, and (ii) directing the Escrow Agent to turn over the $48,000 that is currently held by the Escrow Agent (the "Park Villas Deposit"), plus accrued interest on the Park Villas Deposit; and (J) Mikhalsky requested the entry of an order (i) deeming the pre-petition agreement for the purchase and sale of condominium unit 307 of the Governor Building (the "Governor Sale Agreement") (collectively, the South Tower Unit 407 Sale Agreement, South Tower Unit 510 Sale Agreement, South Tower Unit 502 Sale Agreement, South Tower Unit 304 Sale Agreement, South Tower Unit 406 Sale Agreement, North Tower Unit 406 Sale Agreement, North Tower Unit 302 Sale Agreement, North Tower Unit 403 Sale Agreement, Park Villas Sale Agreement, and Governor Sale Agreement are the "Sale Agreements") between Mikhalsky and Debtor Artecity Governor LLC ("Governor") rejected, and (ii) directing the Escrow Agent to turn over the $29,800 that is currently held by the Escrow Agent (the "Governor Deposit"), plus accrued interest on the Governor Deposit.

At the Hearing, counsel for the Movants and counsel for the Debtors notified the Court that Movants, Artepark, Artecity Park, Park Villas and Governor have agreed to resolve the Motion to Compel and Movants', Artepark's, Artecity Park's, Park Villas' and Governor's disputed claims related to or arising from the Sale Agreements. The parties also notified the Court that they agree to the terms set forth in this Order.

The Court, having determined that due and sufficient notice of the Motion to Compel and Hearing was provided; after due deliberation and it appearing that there is sufficient cause for the relief requested by the parties as set forth herein; finds and concludes that the parties' compromise of their claims as set forth in this Order are in the best interests of creditors and the Debtors' estates. Accordingly, it is:

4

ORDERED as follows:

1. The Motion to Compel is GRANTED as modified and set forth below.

2. This Order is binding on the Debtors, Settling Purchasers, and Escrow Agent, and their respective successors and assigns.

3. Within fourteen (14) days after the entry of this Order, the Escrow Agent is directed to disburse to the Settling Purchasers' attorneys' trust account:

   (a) $90,500 of the of the principal amount of the Unit 407 Deposit currently in escrow (the "Unit 407 Settlement Amount");

   (b) $73,500 of the principal amount of the Unit 510 Deposit currently held in escrow (the "Unit 510 Settlement Amount");

   (c) $77,500 of the principal amount of the Unit 502 Deposit currently held in escrow (the "Unit 502 Settlement Amount");

   (d) $55,500 of the of the principal amount of the Unit 304 Deposit currently in escrow (the "Unit 304 Settlement Amount");

   (e) $66,500 of the of the principal amount of the Unit S406 Deposit currently in escrow (the "Unit S406 Settlement Amount");

   (f) $39,500 of the of the principal amount of the Unit N406 Deposit currently in escrow (the "Unit N406 Settlement Amount");

   (g) $41,500 of the of the principal amount of the Unit 302 Deposit currently in escrow (the "Unit 302 Settlement Amount");

   (h) $39,000 of the of the principal amount of the Unit 403 Deposit currently in escrow (the "Unit 403 Settlement Amount");

   (i) $47,000 of the of the principal amount of the Park Villas Deposit currently in escrow (the "Park Villas Settlement Amount"); and

   (j) $28,800 of the of the principal amount of the Governor Deposit currently in escrow (the "Governor Settlement Amount") (collectively, the Unit 407 Settlement Amount, Unit 510 Settlement Amount, Unit 502 Settlement Amount, Unit 304 Settlement Amount, Unit S406 Settlement Amount, Unit N406 Settlement Amount, Unit 302 Settlement Amount, Unit 403 Settlement Amount, Park Villas Settlement Amount, and Governor Settlement Amount are the "Settlement Amounts").

The forgoing disbursements of the Settlement Amounts shall be disbursed by the Escrow Agent to the trust account of the Settling Purchasers' attorneys, Militzok & Levy, P.A., under the following wire instructions:

Bank:            Wachovia Bank, N.A., Fort Lauderdale, FL 33312
Account name:    Militzok & Levy, P.A. IOLTA Trust Account
Account number:  200002368450
ABA number:      063000021

The $1,000 balance of each of the Unit 407 Deposit, Unit 510 Deposit, Unit 502 Deposit, Unit 304 Deposit, Unit S406 Deposit, Unit N406 Deposit, Unit 302 Deposit, Unit 403 Deposit, Park Villas Deposit, and Governor Deposit (collectively, the "Deposits") plus all accrued interest on the Deposits shall be disbursed by the Escrow Agent to the trust account of Debtors' attorneys, Levine Kellogg Lehman Schneider + Grossman LLP, until further order of the Court under the following wire instructions:

Bank:            Gibraltar Bank
Account name:    Levine Kellogg Lehman Schneider + Grossman LLP Trust Account
Account number:  0030014379
ABA number:      267090455

4. The Escrow Agent shall account for all interest that has accrued on the Deposits and provide such accounting to the Debtors within fourteen (14) days after the entry of this Order. Upon Escrow Agent performing its obligations described in paragraphs 3 and 4 of this Order, Escrow Agent shall be deemed released from all liability with respect to the Deposits.

5. Movants acknowledge and agree that the respective Settlement Amounts constitute the entire payment and consideration to be received by each of the Settling Purchasers with respect to their claims arising from or related to the Sale Agreements, and that no further consideration or payment is owed to Settling Purchasers by Artepark, Artecity Park, Park Villas and/or Governor in exchange for Movants' agreements to settle the instant matters.

6. The funds paid to the Debtors' attorneys' trust account pursuant to paragraph 3 above may be used to pay the Debtors' professionals' fees and expenses incurred in negotiating and documenting the terms of this Order and copying and serving notice of this Order on parties in interest upon appropriate application. The compensation and reimbursement of expenses paid pursuant to this paragraph 3 shall be in addition to the carve-out funds allocated pursuant to the September 10, 2010 Order [D.E. 110] authorizing the Debtors to obtain debtor-in-possession financing.

7. In consideration of Settling Purchasers' receipt of the Settlement Amounts, except as to obligations created by, and the rights expressly reserved within this Order, Settling Purchasers and Settling Purchasers' successors and assigns irrevocably and unconditionally release, acquit and forever discharge Artepark, Artecity Park, Park Villas and Governor and their successors and assigns from any and all claims, debts, liabilities, demands, obligations, costs, attorneys' fees, actions and causes of action for claims arising from or related to the Sale Agreements, whether known or unknown, which Settling Purchasers have held, now hold, or could raise in the future.

8. Settling Purchasers affirm that they have not assigned or transferred any of the claims released herein and that they will indemnify and hold Artepark, Artecity Park, Park Villas and Governor, respectively, harmless from any such claims arising from any transfer or assignment of these claims by them, including reimbursement of attorneys' fees and costs.

9. In the event any of the Settling Purchasers have commenced an action against Artepark, Artecity Park, Park Villas or Governor with respect to claims arising from or related to the Sale Agreements, Settling Purchasers shall take all actions that are necessary to dismiss such actions with prejudice fourteen (14) days from receipt of the Settlement Amounts, with each party to bear their own attorneys' fees and costs. If applicable, Settling Purchasers agree to

provide to Debtors a file-stamped copy of the dismissal papers within seven (7) days of filing those documents.

10. If Settling Purchasers have filed any proofs of claim in the pending bankruptcy cases of Artecity Management LLC (Case No. 10-41406-BKC-AJC), Artecity Holding Ltd. (Case No. 10-31407-BKC-AJC), Artecity Park LLC (Case No. 10-31410-BKC-AJC), Artepark South Development LLC (Case No. 10-31412, BKC-AJC), Artecity Plaza LLC (Case No. 10-31411-BKC-AJC), Artecity Governor LLC (Case No. 10-31409-BKC-AJC), or Park Villas Development LLC (Case No. 10-31413-BKC-AJC), any all such proofs of claim shall be deemed stricken.

11. Upon entry of the Order, the Sale Agreements shall be deemed rejected by the Debtors and Settling Purchasers waive any right to assert a claim against Artepark, Artecity Park, Park Villas and Governor, and their successors and assigns, including a claim pursuant to section 365(j) of the Bankruptcy Code.

12. The terms of this Order constitute a compromise of disputed claims, and neither the payments nor the releases contained herein are to be construed as an admission of liability on the part of either party, which expressly deny any liability or wrong-doing.

13. In any proceeding to enforce this Order, the prevailing party shall recover its attorneys' fees from the non-prevailing party.

14. The Court retains jurisdiction to enforce the terms of this Order.

###

Order Submitted by:
Thomas R. Lehman
LEVINE KELLOGG LEHMAN SCHNEIDER & GROSSMAN LLP
Miami Center – 34th Floor
201 South Biscayne Blvd.
Miami, Florida 33131-4301
Copies to:
Thomas R. Lehman (Attorney Lehman shall serve a copy of this Order on all interested parties upon and shall file a Certificate of Service indicating same.)